E-FILED
Friday, 04 September, 2009   11:39:41 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ALLISON HERRING, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 08-CV-2099 |
| ) | |
| COUNTRY CHEVROLET INC., ) | |
| ) | |
| Defendant. ) | |

## OPINION

On April 21, 2008, Plaintiff, Allison Herring, filed a three-count Complaint (#1) against Defendant Country Chevrolet Inc. Plaintiff alleged that she is a person who at all relevant times resided in Custer Park, Illinois. She further alleged that Defendant is a corporation whose office is located in Herscher, Illinois. In Count I, Plaintiff alleged that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681m(a). In Count II, Plaintiff alleged that Defendant violated the Equal Credit Opportunity Act, 15 U.S.C. § 1691d. In Count III (misnamed Count Two), Plaintiff alleged that Defendant violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 et seq.

On August 11, 2008, Defendant filed an Amended Answer (#7) to Plaintiff's Complaint and stated that it is an Illinois corporation located in Herscher, Illinois. On April 30, 2009, Defendant filed a Motion for Summary Judgment as to Counts I and II (#14). On May 26, 2009, Plaintiff filed a Motion for Limited Voluntary Dismissal (#16). Plaintiff stated that she moved to voluntarily dismiss with prejudice Count I and Count II of her Complaint and would continue to prosecute Count III of the Complaint. On June 16, 2009, Magistrate Judge David G. Bernthal entered a text order granting Plaintiff's Motion for Limited Voluntary Dismissal and dismissing Count I and II of

Plaintiff's Complaint with prejudice. On June 17, 2009, this court entered a text order finding Defendant's Motion for Summary Judgment as to Counts I and II of Plaintiff's Complaint moot. Accordingly, the only count of Plaintiff's Complaint which remains pending is Count III which alleges that Defendant's conduct violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim where: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially dominates the claim or claims over which the district court has original jurisdiction; (3) the district court dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances where there are other compelling reasons for declining jurisdiction. McCready v. eBay, Inc., 2005 WL 6082528, at *9 (C.D. Ill. 2005); aff'd, 453 F.3d 882 (7th Cir. 2006). In this case, both of Plaintiff's federal claims have been dismissed with prejudice, so the claims over which this court had original jurisdiction are no longer before the court. This court therefore declines to exercise supplemental jurisdiction over Plaintiff's only remaining claim, a state law claim against Defendant. This court also notes that there is no basis for diversity jurisdiction in this case as both parties are citizens of Illinois.

This court therefore dismisses Plaintiff's state law claim against Defendant without prejudice for want of subject matter jurisdiction. See Fed R. Civ. P. 12(h)(3) ("[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); see also McCready, 2005 WL 6082528, at *9. Plaintiff may refile her claim against Defendant in state court.

IT IS THEREFORE ORDERED THAT:

(1) This case is dismissed without prejudice for want of subject matter jurisdiction. Plaintiff

may refile her claim against Defendant in state court.

(2) The jury trial scheduled for September 14, 2009, at 9:00 a.m. is hereby VACATED.

(3) This case is terminated.

ENTERED this **4th** day of **September**, 2009.

s/ Michael P. McCuskey

_____
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE